IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



EMMA TRUJILLO,
          **Plaintiff,**

-vs-                                      Case No. A-13-CA-799-SS

**REGIONS BANK,**
          **Defendant.**

## <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Regions Bank's Motion for Summary Judgment [#21], to which Plaintiff Emma Trujillo has not responded. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion.

### Background

On October 3, 1997, Emma Trujillo purchased 24.476 acres of real property located at 9780 FM 86 in Caldwell County, Texas. The note was secured by a deed of trust, and the title of the property was vested solely in Trujillo. *See* Mot. Summ. J. [#21-1] Ex. 1 (Rider to Deed of Trust). On April 20, 2002, Trujillo and Albert Alvarez entered into a financing agreement (the construction loan) with Tilson Home Corporation to build a custom home on the property. To secure payment for the construction of the home, Tilson placed a contractor's lien in the name of Trujillo and Alvarez on the home and the property. The contractor's lien was in the amount of $105,089.00. *Id.*

Trujillo and Alvarez later decided to bundle the property loan and the construction loan and refinance them solely in Alvarez's name, and on November 27, 2002, Alvarez signed a promissory note (the Note) with TXL Mortgage Corporation. *See id.* Ex. 2 (the Note). The principal sum of the Note was $127,089.00. The Note was secured by a Deed of Trust. *See id.* Ex. 3 (Deed of Trust). The Deed of Trust contains a provision providing the right to accelerate all sums secured by the Deed of Trust and to invoke its power of sale. *Id.* On November 27, 2002, the Note and Deed of Trust were assigned to Union Planters Bank, N.A., which merged with Regions Bank in July 2004.

The bank promised to use the loan proceeds to pay off the balance of the $30,839.76 property loan and the balance of the $105,089.00 construction loan, thereby extinguishing the liens that encumbered the property. After Alvarez executed the Note, the bank fulfilled its promise and paid off the balance of the property loan and the construction loan. In exchange for the bank's payment, the removal of liens, and lower interest rates, Alvarez promised to repay the Note, and Alvarez and Trujillo agreed to secure this promise with the Deed of Trust in the name of both Alvarez and Trujillo. Both Alvarez and Trujillo signed the Deed of Trust. *Id.*

As Defendant summarizes the transaction, it provided the following benefits: (1) the bank received the right to access interest on a Note secured by a Deed of Trust and the right to foreclose on the property if the Note was in default; (2) Alvarez received the benefit of interest rates lower than those applicable to the construction loan; (3) Alvarez and Trujillo jointly received the benefit of extinguishing the contractor's lien; and (4) Trujillo received the benefit of paying off the property loan and extinguishing the original deed of trust that burdened the property. Trujillo also received the indirect benefit of a Note with interest rates lower than those applicable to the construction loan and lower than those she could have obtained on her own.

In October 2005, Alvarez stopped making mortgage payments, and the Note was in default. In November 2005, Trujillo's attorney demanded Regions Bank recognize Trujillo's position as co-borrower on the Note. Trujillo paid the arrears and made the mortgage payments for the next seven years. In 2013, Trujillo stopped making payments, and the Note was again in default. In July 2013, Trujillo received the notice of acceleration of the Note and of the impending foreclosure sale. Prior to the sale, Trujillo filed her "Original Petition for Declaratory Judgment Application for Temporary Restraining Order and Entry of Permanent Injunction," seeking an injunction and asserting claims for breach of contract, gross negligence, attempt to wrongfully foreclose, interference with business relations, detrimental reliance, bad faith/fraudulent conduct, slander of title, and fraud against Regions Bank. *See* Notice Removal [#1-3] Ex. A (Orig. Pet.). Trujillo filed her lawsuit on August 31, 2013, in the 22nd Judicial District Court of Caldwell County, Texas. On September 11, 2013, Regions Bank removed the case to this Court. *See id.* [#1].

Regions Bank agreed to delay exercising its foreclosure rights and not engage in fee-generating discovery and litigation practices based on Trujillo's representation she would pay the amount in arrears by obtaining financial assistance from her son or by selling a portion of the property and would dismiss her claims. From May 2013 to July 2014, Trujillo remained in the home without making mortgage payments. On July 7, 2014, she sold a portion of her property, and, through that sale, satisfied the Note, allowing her to keep her home. Yet, to date, Trujillo has failed to dismiss her lawsuit. Regions Bank has therefore moved for summary judgment to bring an end to his matter.

## Analysis

As an initial matter, the Court notes Trujillo has not filed a response to Defendant's motion for summary judgment, a motion filed on February 20, 2015. Because Trujillo has not filed a response, the Court grants the motion as unopposed. *See* Local Rule CV-7(e)(2). The Court nevertheless addresses the merits of the motion below, and agrees with Defendant's position.

### I.      Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to

defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.  Application

Since Trujillo has not responded or done much of anything in her own lawsuit, she has not provided the Court with any summary judgment evidence supporting her claims. After review of the evidence provided by Defendant, it is apparent Defendant is entitled to summary judgment on all of Trujillo's claims.

### A.  Breach of Contract

Trujillo alleges Regions Bank is liable for breach of an implied contract to communicate and accept payment from Trujillo on the Note. Orig. Pet. ¶ 17. A claim for breach of implied contract requires the plaintiff prove the parties engaged in conduct indicating a mutual intent to form a

contract. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). Here, there is no evidence of mutual intent to support a finding of an implied contract, there is no evidence of breach, and there is no evidence Trujillo suffered any damages as the result of any breach. As such, Regions Bank is entitled to judgment on Trujillo's claim for breach of implied contract.

**B.     Gross Negligence**

Trujillo alleges Regions Bank was grossly negligent in allowing Alvarez, Trujillo's boyfriend or spouse, to execute the Deed of Trust to secure the Note. Orig. Pet. ¶ 18. Trujillo's claim is curious considering she signed the Deed of Trust herself as the "wife" of Alvarez. *See* Deed of Trust. Nevertheless, Trujillo has presented no evidence to support any element of a negligence claim, much less a gross negligence claim. Regions Bank is entitled to judgment.

**C.     Wrongful Foreclosure Attempt**

Trujillo alleges Regions Bank "attempted to wrongfully foreclose" on the property. *Id.* ¶ 19. The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate sales price; and (3) a causal connection between the defect and the grossly inadequate sales price. *Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). There is no evidence Regions Bank failed to comply with the power of sale terms in the Deed of Trust or with § 51.002 of the Texas Property Code. The Court grants Regions Bank's request for summary judgment on the wrongful foreclosure attempt claim.

**D.     Interference in Contractual and Business Relations**

Trujillo alleges Regions Bank interfered in contractual and business relations. Orig. Pet.

¶ 20. To prevail on a claim for tortious interference with an existing contract, Trujillo must provide evidence: (1) Trujillo had a valid contract; (2) Regions Bank willfully and intentionally interfered with the contract; (3) the interference proximately caused Trujillo's injury; and (4) Trujillo incurred actual damage or loss. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002). To prevail on a claim for tortious interference with prospective relations, Trujillo must provide evidence: (1) there was a reasonable probability she would have entered into a business relationship with a third party; (2) Regions Bank intentionally interfered with the relationship; (3) Region Bank's conduct was independently tortious or unlawful; (4) the interference proximately caused Trujillo's injury; and (5) Trujillo suffered actual damage or loss. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). Trujillo presents no evidence to support either of these causes of action, and Regions Bank is entitled to summary judgment on those claims.

E.   **Detrimental Reliance**

Trujillo alleges Regions Bank induced her reliance on an established course of dealing to her detriment. Orig. Pet. ¶ 21. Under Texas law, "detrimental reliance" is not a separate tort cause of action. *Garcia v. Lucero*, 366 S.W.3d 275, 281–82 (Tex. App.—El Paso 2012, no pet.) (citation omitted). Additionally, there is no evidence to support any such claim. Regions Bank's motion for summary judgment on the claim is granted.

F.   **Bad Faith/Fraudulent Conduct**

Trujillo alleges Regions Bank is liable for bad faith in pursuing the foreclosure action. Orig. Pet. ¶ 22. Trujillo also alleges Regions Bank breached its duty of good faith and fair dealing with respect to the Note and its efforts to foreclose on the property. *Id.* ¶ 23. Trujillo argues Regions Bank disregarded the fact the collateral was put up in the course of a fraud and the property owner

was not a signatory to the Note. *Id.* ¶ 22. Here, there is no evidence to support Trujillo's bad faith or fraud claims. Trujillo signed the Deed of Trust as Alvarez's wife, and there is no indication Alvarez committed fraud in securing the Note with the Deed of Trust. Regions Bank is entitled to judgment on Trujillo's claims for bad faith and fraudulent conduct.

### G.   Slander of Title

Trujiilo alleges Regions Bank is liable for slander of title. Orig. Pet. ¶ 24. To prove slander of title, Trujillo must produce evidence showing: (1) the uttering and publishing of the disparaging words; (2) the words were false; (3) the words were malicious; (4) Trujillo sustained special damages thereby; and (5) Trujillo possessed an interest in the property disparaged. *Taub v. Hous. Pipeline Co.*, 75 S.W.3d 606, 616 (Tex. App.—Texarkana 2002, pet. denied). Trujillo must further demonstrate the loss of a specific sale in order to recover. *Id.* There is no evidence Regions Bank made a false and malicious statement and no evidence of a loss of a specific sale of property. Regions Bank is entitled to judgment on the claim.

### Conclusion

For the reasons described above, the Court finds Defendant is entitled to judgment as a matter of law, and Trujillo is not entitled to any of her requested relief.

Accordingly,

IT IS ORDERED that Defendant Regions Bank's Motion for Summary Judgment [#21] is GRANTED.

SIGNED this the 25th day of March 2015.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE